

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. L. Washburn
County Auditor
Harris County
Houston, Texas

Dear Sir:

Opinion No. 0-4257
Re: Incurrence of obligations by
school district payable
from future revenues

We have received your letter of recent date relating to
the matter captioned above. This department has consistently
held that debts created by a school district in a certain year
which create a deficiency in the school fund for that year are in
violation of law and create no claim against the district. In
other words, the trustees of a school district are not authorized
to create a debt payable out of the revenues of the district of a
subsequent year. Opinions No. 0-4001, No. 0-2231; Collier v.
Peacock, 54 S. W. 1025; Templeman Common School District v. Boyd
B. Head Company, 101 S. W. (2d) 352; First Nat. Bank of Athens v.
Murchison Independent School Dist., 114 S. W. (2d) 382; Harlingen
Independent School Dist. v. C. H. Page & Bro., 48 S. W. (2d) 983.

You wish to know whether the scholastic year (September
1 to August 31) or the calendar year should govern the school
district as to the above announced principles, and you ask that
we answer the following questions which we quote from your letter:

"1. May the Addicks Independent School District
incur obligations in a scholastic or calendar year
payable from future revenues of the District, such
District at the time of incurring such obligations
having no available funds in its immediate control ex-
cept such delinquent taxes as may be collected in sub-
sequent years?

"2. May said District pay from current taxes old
obligations incurred in prior scholastic or calendar
years for which, at the time they were incurred, no
specific provision had been made for payment except
from then current taxes? Current taxes for those years
proved insufficient for current operating expenses, and

substantial balances of obligations remain unpaid. It is my contention that these old claims cannot be paid from current taxes in the current year, whether scholastic or calendar, until a surplus of current revenues has developed or unless such obligations are paid from the delinquent taxes of such prior years.

"3. May the trustees of said District contract obligations on or after October 1 of 1941 to the full amount of the maintenance tax levied and assessed in 1941 based on valuations as of January 1, 1941, but the collection of which taxes is extended through June 30, 1942, the tax year, without making provision for payment of current operation and maintenance expenses to be incurred from January 1 to August 31 of the subsequent calendar year, which is the remainder of the scholastic year."

As far as we can determine, no case has specifically passed upon the question of whether the scholastic year or the calendar year governs school districts with respect to incurring obligations. Therefore, we must turn to the applicable statutes and construe them in the light of the court decisions on the general doctrine. Taxes are usually levied, assessed, and collected on a calendar year basis although payment is authorized as early as the first day of October. Article 7255, Revised Civil Statutes. However, school districts definitely operate on the scholastic year basis. The budget law is based on scholastic year operation, and the words "scholastic year," "fiscal year," and "current year" seem to be used interchangeably in such law. See Articles 689a-17, 689a-18, Vernon's Annotated Civil Statutes. Teachers are usually employed on a scholastic year basis. The state per capita apportionment is based on the scholastic year. Articles 2665, 2827a, Vernon's Annotated Civil Statutes. In other words, practically all the actions or operations of the school district contemplate the scholastic year. It would, therefore, logically follow that the scholastic year should govern school districts as to the expenditure of funds. And we believe that the authorities clearly indicate that the scholastic year is the proper one.

Article 2749, Revised Civil Statutes, provides in part as follows:

" * * * provided, that the trustees, in making contracts with teachers, shall not create a deficiency debt against the district."

While this provision seems to apply alone to the making of teachers' contracts, it has been construed to prohibit the creation of any deficiency debt, and it is cited by our most recent cases as the authority for such proposition. See Stephenson v. Union Seating Co., 62 S. W. 128; Templeman Common School District v. Boyd B. Head Company, supra. It is obvious that the statute was originally enacted with the main purpose of preventing the creation of deficiency debts with respect to teachers' contracts. Although the language of the statute has been given a wider meaning, we believe that this wider prohibition must be construed in the light of the original purpose of the act. Therefore, as the scholastic year, or a division thereof, is used as the basis for the employment of teachers, we are of the opinion that the scholastic year is the one which governs the expenditure of school funds within the meaning of the above named principle.

In Collier v. Peacock, supra, the Supreme Court of this State made the following statement:

"But the trustees were not authorized to contract any debt which would cause a deficiency in the school fund of the district. In other words, they could not contract debts in the employment of teachers to an amount greater than the school fund apportioned to that district for that scholastic year. This limitation upon the power of the trustees in making the contract with the teachers necessarily limits the payment of the debts that might be contracted to the amount of the fund which belonged to the district for that year, and any debt contracted greater than that would be a violation of the law, and constitute no claim against the district. The sum appropriated being known, and the number of school determined, the length of the term to be taught would fix with certainty the price to be paid to the teacher, and no one need be misled about it. The trustees were authorized to expend the sum set apart to the district, but not empowered to contract a debt against the funds of future years." (Emphasis supplied)

This case was before the Supreme Court on certified questions. In view of the above quoted holding the Court of Civil Appeals held the following in disposing of the case:

" * * * In the case of Culberson v. Bank (Tex. Civ. App.) 50 S. W. 195, it was held by the court of civil appeals of the Fifth supreme judicial district that the school funds of one year could be used in the payment of the indebtedness of a preceding year, although it is provided in article 3959 'that trustees of districts in making contracts with teachers shall not create a deficiency debt against the district.' In the case of Bank v. March (Tex. Civ. App.) 51 S. W. 266, it was held by the court of civil appeals of the Second supreme judicial district that the debt of one scholastic year could not be paid out of the funds of a subsequent year. The conflict in the two opinions made it necessary for this court, under the provisions of the act of 1899, p. 170, to certify the question to the supreme court. In answer to that question it was held that the school fund of one year could not be used to pay off the debt of another year. 54 S. W. 1025. It follows that the petition states no cause of action, and the judgment is therefore reversed, and the cause dismissed." (Emphasis supplied)

Thus, it is apparent that the scholastic year is the one contemplated by Article 2749 with reference to teachers' contracts.

In the recent case of Templeman Common School Dist No. 1 of Brazos County v. Boyd E. Head Co., supra, plaintiff sued the school district to recover on two warrants issued in payment of certain septic toilets furnished and installed by plaintiff. These were renewal warrants, and were dated February 22, 1933, February 22, 1934, and April 1, 1934. There was no showing that the district had any available funds on hand for the year for which the purchase was made, and the court, speaking through Justice Alexander, in holding that recovery could not be had on the warrants had the following to say:

" * * * In other words, all of the funds accruing to the district for the current school year had previously been appropriated for other purposes at the time the debt in question was incurred. * * *

" * * *

"Since the school district did not, at the
time the contract was entered into, nor during that
scholastic year, have available or accruing to it
funds necessary to meet the obligation, the trustees
were without authority to incur the debt." (Emphasis supplied)

See also the case of First Natl. Bank of Athens v.
Murchison Independent School Dist., 114 S. W. (2d) 382, in which
the court said the following:

" * * * While it is true, under the Harkness
Case, supra, 'school districts which may sue and be
sued, may be held on their obligations;' the re-
covery there was on a salary warrant payable from
local tax funds collected for the school year in
which such salary accrued."

In view of these authorities it is our opinion that
the trustees of a school district are without authority to incur
a debt in a certain year greater than the available funds on hand
or which are reasonably anticipated for that year. It is also
our opinion that the scholastic year, and not the calendar year,
governs the operation of school districts with respect to in-
curring obligations.

We are not unmindful of the fact that the Commission of
Appeals in the case of Warren et al v. Sanger Independent School
Dist. et al., 288 S. W. 159, used language which could possibly
be urged to support the contention that the calendar year is the
proper year when it said:

" * * * They could, in no event have decided
in favor of the application of the 1925 taxes to
the payment of the deficiency created in a previous
year."

However, the court does not specifically hold that the calendar
year is the correct one, and we do not believe that this language,
when construed in the light of Article 2749 and the holdings of
both the older and also the more recent cases on the subject,
means that the calendar year governs school districts with respect
to incurring obligations. As we have stated above, it is our
opinion that the scholastic year governs such incurring of obli-
gations.

In specifically answering the three questions which you have propounded, we eliminate the words "calendar year" from such questions because of our holding that the scholastic year is the proper one. In view of the foregoing authorities and discussion, we answer your first question in the negative. We answer your second and third questions as follows: Debts may not be contracted greater than the amount of available funds on hand or that may be reasonably anticipated for that school year. A debt created in excess of such amount is void and constitutes no claim against the district. Obligations expressly payable out of funds accruing to the district in a subsequent scholastic year may not validly be created by the trustees of a school district; such obligations are void and create no liability whatsoever on the part of the district. If in a previous year a debt was validly created in reasonable anticipation of revenues to be collected for that year, but the fund actually realized was insufficient to discharge the same, such debt may be paid from the delinquent taxes of such previous year or years prior thereto. Such a debt cannot be paid from the revenues of a subsequent year, at least unless there is an actual surplus in the fund after the discharge of all the obligations of such subsequent year; however, as there is no such surplus in the fund of the school district involved, it is not necessary for us to pass upon this point, and we express no opinion thereon.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

George W. Sparks
Assistant

GWS:ej

